UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
DIVISION

IN RE
PATRICK WOOD,                                    Case No.:    14-03689-TOM-13
Debtor.
_____

PATRICK WOOD,
Plaintiff,

v.                                               AP No.:

United Consumer Financial Services, Inc.
(UCFS KIRBY CLEANING SYSTEM),
Defendant.

# ADVERSARY COMPLAINT

COMES NOW Debtor/Plaintiff, PATRICK WOOD (hereinafter WOOD), by and through counsel, and complains against United Consumer Financial Services (UCFS KIRBY CLEANING SYSTEM) (hereinafter Kirby), as follows:

1. This Court has jurisdiction of the claims herein set forth under and by virtue of Bankruptcy Rules 3007 and 7001, as this complaint seeks to determine the extent of a lien and monetary relief inuring to the debtor's estate for claims arising out of a consumer credit agreement made the basis of Claim 2 filed by Jennifer Pursley of Bass & Associate's (hereinafter Bass) by Power of Attorney for Kirby in debtor's Chapter 13 bankruptcy case.

2. This is a core proceeding as the claims stated herein directly affect a claim filed against the estate, and is also property of the estate.   To the extent the court determines any issue to be non-core, Debtor consents to entry of final orders by this court.

3. This Court has jurisdiction under 28 U.S.C. § 1334(e) of these Claims as each constitutes property of the estate; and these claims are actionable pursuant to 15 U.S.C. § 1640(e) of the *Truth in Lending Act* (hereinafter referred to as TILA); and Bankruptcy Rule 7018.

4. The complaint includes claims for damages pursuant to the *Truth in Lending Act* (TILA) 15 U.S.C. § 1601 et seq., to recover actual damages, statutory damages, and costs including reasonable attorney fees, by reason of Kirby's violations of the TILA and Regulation Z thereunder, 12 C.F.R. § 226.

5. MRM Marketing, Inc. is a domestic corporation with its principal place of business in Jefferson County, Alabama.

6. MRM Marketing, Inc. sold a Kirby vacuum cleaner Sentria 11 Serial Number: 7120601862 (hereinafter vacuum) to Plaintiff Patrick Wood.

7. Plaintiff Patrick Wood (hereinafter Wood) is, for purposes of the TILA, a natural person.

8. United Consumer Financial Services (UCFS KIRBY CLEANING SYSTEM) (Kirby) is, upon information and belief, a foreign corporation was the company who financed MRM Marketing, Inc.'s contracts for the sale of the vacuum in Jefferson County.

9. Kirby financed the contract for Wood for the purchase of the vacuum.

10. Kirby's registered address for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

11. Kirby's principal place of business per the Proof of Claim filed on behalf of Kirby, is 865 Bassett Road, Westlake, Ohio 44145.

12. Kirby caused to be filed a Secured proof of claim, claim number two (hereinafter POC2) (**Exhibit A**) in Wood's Chapter 13 bankruptcy case to collect a debt for a loan originating between Wood and Kirby.

13. Kirby caused to be filed a Secured claim (hereinafter POC2) (**Exhibit A**) in Wood's Chapter 13 bankruptcy case concerning a contract originating between Wood's and MRM.

14. At all times relevant hereto Kirby, in the ordinary course of its business regularly extended, offered to extend, arranged for the extension of, or offered to arrange for the extension of consumer credit for which a finance charge was imposed.

15. Wood's and Kirby entered into a consumer credit transaction on or about October 12, 2012 which was payable in more than four installments beginning and/or November 29, 2012 for which a finance charge was imposed. A copy of said contract is attached to Kirby's POC2 and is attached hereto as **Exhibit B**. Upon information and belief, no TILA disclosure statement other than that as evidenced in Exhibit B was provided to Wood's by Kirby prior to the consummation of this credit transaction.

16. Said extension of credit, as reflected on Exhibit B, was for a disclosed **Amount Financed** of **$1,310.00,** disclosed a **Finance Charge** of $505.48 and disclosed an **Annual Percentage Rate** (APR) of **22.59%**.

17. Wood avers that TILA, 15 U.S.C. § 1638 and Regulation Z, § 226.17 require the Creditor to disclose the fact that the Creditor has retained, or is obtaining, a Security Interest and the nature and extent thereof, in a "clear and conspicuous manner" within the segregated, boxed TILA disclosures, and that the required disclosures "shall reflect the legal obligations" between the parties.

18. The TILA contract violations are apparent on the face of the document.

19. Within the TILA required boxed, segregated disclosures, Kirby disclosed that the vacuum cleaner was pledged as security for this loan. No other property or type of property was identified as security.

20. Wood avers that the TILA disclosures are neither clear nor accurate as the disclosures do not reflect the legal obligations of the parties as set forth above; and/or that the disclosures reveal a conflict with resulting ambiguity reasonably capable of different interpretations, which must be resolved in favor of Wood as the non-drafting party and against Kirby.

21. The tolerance for errors in disclosing of the Finance Charge for a loan of this type is one eighth of one percent pursuant to 12 C.F.R. § 226.18 (d)(2).

22. The tolerance for errors in disclosing of the Finance Charge for this loan is $1.637 and/or one eighth of one percent pursuant to 12 C.F.R. § 226.18 (d)(2).

23. Wood avers that Kirby failed to accurately disclose the Annual Percentage Rate as defined in 15 U.S.C. § 1606 and Regulation Z §226.14, as required by 15 U.S.C. § 1638, and Regulation Z § 226.18, by understating the APR by more than the one-eighth of one percent (.0125) allowable tolerance.

24. Due to Kirby's failure to accurately disclose the Finance Charge, as aforesaid, Kirby also failed to accurately disclose the Annual Percentage Rate as defined in 15 U.S.C. §1606 and Regulation Z §226.14, as required by 15 U.S.C. § 1638, and Regulation Z §226.18 by understating the APR by more than the one-eighth of one percent (.0125) allowable tolerance.

25. The tolerance for errors in disclosing of the Finance Charge for a loan of this type is $1.637 and/or one eighth of one percent pursuant to 12 C.F.R. § 226.22 (a)(2).

26. Wood avers that Kirby failed to accurately disclose the Annual Percentage Rate as defined in 15 U.S.C. § 1606 and Regulation Z §226.14, as required by 15 U.S.C. § 1638, and Regulation Z § 226.22 (A) (2) by understating the APR by more than the one-eighth of one percent (.0125) allowable tolerance.

27. Due to Kirby's failure to accurately disclose the Finance Charge, as aforesaid, Kirby also failed to accurately disclose the Annual Percentage Rate as defined in 15 U.S.C. §1606 and Regulation Z §226.22 (a) (2), as required by 15 U.S.C. § 1638, and Regulation Z §226.18 by understating the APR by more than the one-eighth of one percent (.0125) allowable tolerance.

28. The correct APR should have been disclosed as 21.8315% as the scheduled time between payments is more than 30 days and TILA mandates that the extra day in the first period in this loan must be included in the calculation of APR.

29. The APR was overstated by 0.7585%.

30. That 15 U.S.C. §1640(a) provides that the statutory strict liability damage in a claim such as this is twice the Finance Charge, here $505.48, for a penalty of $2,000.00.

31. The finance charge should have been $487.12. The excess interest charged is $8.36 based on the correct APR of 21.8315%.

32. Wood avers that he relied upon the disclosures made by Kirby to his detriment, and he was damaged in the amount of the value of the undisclosed security interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Wood demands judgment for actual damages, compensatory and statutory damages pursuant to 15 U.S.C. § 1640(a)(3) and/or 15 U.S.C. § 1640(e) and 15 U.S.C. § 1640(a)(1) of twice the actual finance charge, but not less than $200.00, nor more than $2,000.00 for this type transaction, for compensatory damages of the value of the undisclosed secured property plus interest at the contract rate, plus costs and reasonable attorney's fees as mandated by federal statute, 15 U.S.C. § 1640 for a prevailing plaintiff (see also *James v. Home Construction Co., 689 F.2d 1357 (11th Cir. 1982)*).

Lois Beasley-Carlisle
/s/ Lois Beasley-Carlisle     (ASB-9228-E56L)
PO BX 170767
Birmingham, Alabama 35217
(205) 841-4063
Counsel for Debtor/Plaintiff
Lois@carlisleandcarlisle.com

Page 6 of   6

Case 14-00186-TOM    Doc 1    Filed 10/30/14    Entered 10/30/14 15:31:50    Desc Main
Document      Page 6 of 6