UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
DIVISION

IN RE
PATRICK WOOD,　　　　　　　　　　　　　　　Case No.:　14-03689-TOM-13
Debtor.
_____

PATRICK WOOD,
Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　AP No.: 14-00186-TOM-13

United Consumer Financial Services, Inc.
(UCFS KIRBY CLEANING SYSTEM),
Defendant.

# SECOND AMENDED ADVERSARY COMPLAINT

COMES NOW Debtor/Plaintiff, PATRICK WOOD (hereinafter WOOD), by and through counsel, and complains against United Consumer Financial Services (UCFS KIRBY CLEANING SYSTEM) (hereinafter Kirby), as follows:

1.　　This Court has jurisdiction of the claims herein set forth under and by virtue of Bankruptcy Rules 3007 and 7001, as this complaint seeks to determine the extent of a lien and /or monetary relief inuring to the debtor's estate for claims arising out of a consumer credit agreement made the basis of Claim #2 filed by Jennifer Pursley of Bass & Associate's (hereinafter Bass) by Power of Attorney for Kirby in debtor's Chapter 13 bankruptcy case.

2.　　This is a core proceeding as the claims stated herein directly affect a claim filed against the estate, and are also property of the estate. To the extent the court determines any issue to be non-core, Debtor consents to entry of final judgment by this court.

COUNT ONE
TILA

3.　　This Court has jurisdiction under 28 U.S.C. § 1334(e) of these Claims as each constitutes property of the estate; and these claims are actionable pursuant to 15 U.S.C. § 1640(e) of the *Truth in Lending Act* (hereinafter referred to as TILA); and Bankruptcy Rule 7018.

4.　　The complaint includes claims for damages pursuant to the *Truth in Lending Act* (TILA) 15 U.S.C. § 1601 et seq., to recover actual damages, statutory damages, and costs including reasonable attorney fees, by reason of Kirby's violations of the TILA and Regulation Z thereunder, 12 C.F.R. § 226.

5.　　Plaintiff Patrick Wood (hereinafter Wood) is, for purposes of the TILA, a natural person.

6.　　United Consumer Financial Services (UCFS KIRBY CLEANING SYSTEM) (Kirby) is, upon

information and belief, a foreign corporation was the company who financed the sale of the vacuum in Jefferson County. Kirby is doing business within this district and has submitted itself to the jurisdiction of the District Court.

7. Kirby financed the contract for Wood for the purchase of the vacuum.

8. Kirby's registered address for service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

9. Kirby's principal place of business per the Proof of Claim filed on behalf of Kirby, is 865 Bassett Road, Westlake, Ohio 44145.

10. Kirby caused to be filed a Secured proof of claim, claim number two (hereinafter POC2) (**Exhibit A**) which is attached hereto and incorporated herein by reference in Wood's Chapter 13 bankruptcy case.

11. At all times relevant hereto Kirby, in the ordinary course of its business regularly extended, offered to extend, arranged for the extension of, or offered to arrange for the extension of consumer credit for which a finance charge was imposed.

12. Wood's and Kirby executed a consumer credit transaction on or about October 12, 2012 which was payable in more than four monthly installments beginning and/or November 29, 2012 for which a finance charge was imposed. A copy of said contract is attached to Kirby's POC2 which is attached hereto and incorporated herein by reference as (**Exhibit B**). Upon information and belief, no TILA disclosure statement other than that as evidenced in Exhibit B was provided to Wood's by Kirby prior to the consummation of this credit transaction.

13. Said extension of credit, as reflected on Exhibit B, was for a disclosed **Amount Financed** of **$1,310.00,** disclosed a **Finance Charge** of $505.48 and disclosed an **Annual Percentage Rate** (APR) of **22.59%**.

14. The TILA contract violation is apparent on the face of the document.

15. Wood avers that Kirby failed to accurately disclose the Annual Percentage Rate as defined in 15 U.S.C. § 1606 and Regulation Z §226.14, as required by 15 U.S.C. § 1638, and Regulation Z § 226.18, by understating the APR by more than the one-eighth of one percent (.0125) allowable tolerance.

16. The correct APR should have been disclosed as 21.8315% as the scheduled time between payments is more than 30 days and TILA mandates that the extra day in the first period in this loan must be included in the calculation of APR.

17. The APR was overstated by 0.7585% as evidenced by (Exhibit C) hereto attached and incorporated by reference

18. That 15 U.S.C. §1640(a) provides that the statutory strict liability damage in a claim such as this is twice the Finance Charge, here $505.48, for a penalty of $1,010.96.

    WHEREFORE, PREMISES CONSIDERED, Plaintiff Wood demands judgment for actual damages, compensatory and statutory damages pursuant to 15 U.S.C. § 1640(a)(3) and/or 15 U.S.C. § 1640(e) and 15

U.S.C. § 1640(a)(1) of twice the actual finance charge, but not less than $200.00, nor more than $2,000.00 for this type transaction, plus costs and reasonable attorney's fees as mandated by federal statute, 15 U.S.C. § 1640 for a prevailing plaintiff (see also *James v. Home Construction Co., 689 F.2d 1357 (11th Cir. 1982)*).

Lois Beasley-Carlisle
/s/ Lois Beasley-Carlisle   (ASB-9228-E56L)
PO BX 170767
Birmingham, Alabama 35217
(205) 841-4063
Counsel for Debtor/Plaintiff
Lois@carlisleandcarlisle.com